IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM E. HOLZ, | : | |
|     Plaintiff, | : | |
| | : | 1:14-cv-2228 |
| v. | : | |
| | : | Hon. John E. Jones III |
| THE AMERICAN | : | |
| CORRECTIONAL ASSOCIATION, | : | |
| INC., *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**February 11, 2015**

Plaintiff, Tim E. Holz, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant *pro se* civil rights action. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* and a prisoner authorization. (Docs. 2, 3).

The named Defendants are The American Correctional Association, Inc., its President, Executive Directors, and several employees. (Doc. 1, pp. 4-5). Plaintiff alleges that prison video monitors do not record every area in the prison, and there are several "blind spots." (Doc. 1, p. 7). Plaintiff alleges that Defendants are therefore negligent in accrediting and inspecting the correctional facility. (Doc. 1, p. 7). Plaintiff alleges that his constitutional rights were violated as a result of the "blind spots" in the prison shower area and the Defendants' negligence. (Doc. 1, p.

15).  For relief, he seeks $60 billion in compensatory and punitive damages.  (Doc. 1, p. 9).

Upon consideration of the above-captioned action, the Court finds that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits Plaintiff from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim.  *See Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C.Cir. 2000).  *See also Holz v. U.S.A. Corp., et al.*, No. 1:14-cv-2057 (M.D. Pa. 2014) at (Doc. 17).

It is evident that Plaintiff's allegations do not indicate that he "is under imminent serious physical injury."  *See* 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury").  Further, there are no allegations that a threat of danger is real and proximate.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to

section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").  Therefore, Plaintiff's claim fails to meet the imminent danger exception to section 1915(g).

    An appropriate closing Order shall issue.